**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JANET WIERZBA-WYSONG, | : | Case No. 3:12-cv-15 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN AWARD OF DISABILITY BENEFITS; AND (3) THIS CASE BE CLOSED**

On March 18, 2013, District Judge Walter H. Rice issued a Decision and Entry vacating the undersigned's January 30, 2013 Report and Recommendation, doc. 15, concluding that because it was filed prior to the Sixth Circuit's decision in *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013), the matter should be reconsidered in light of *Gayheart* because of its applicability to this case:

> Given that said decision, which was unavailable to the Magistrate Judge at the time of his Report and Recommendations, is both significant and indisputably relevant to at least two of the three findings made by the Magistrate Judge herein (the manner in which the Administrative Law Judge dealt with the opinions of Plaintiff's treating physician and psychiatrist and the Administrative Law Judge's finding on the credibility of Plaintiff, with possible relevancy to the third issue set forth by the Magistrate Judge, the validity of the Administrative Law Judge's hypothetical question to the vocational expert), it is deemed by the undersigned to be consistent with fundamental fairness, both to the Plaintiff and to the Defendant Commissioner, that the Magistrate Judge's Report and Recommendations of non-disability be vacated, and that the captioned cause be remanded to the Magistrate Judge for further review of the captioned matter in light of the above referenced

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

> intervening authority, authority which was not available to him at the time the Report and Recommendations were rendered.

Doc. 18 at PageID 1469. As such, the Court reexamines this case with the Sixth Circuit's holding in mind.[2]

## I.

In *Gayheart*, the Sixth Circuit clarified the analysis the ALJ must undertake when considering the opinions of treating doctors and psychologists in light of conflicting opinions of non-treating and non-examining doctors and psychologists:

> Surely the conflicting substantial evidence must consist of more than the medical opinions of the non-treating and non-examining doctors. Otherwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulations' presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with non-treating, non-examining sources.

*Gayheart*, 710 F.3d at 377.

As noted by Judge Rice, the Sixth Circuit's clarification in this regard is directly applicable here. The "other sources" in this case -- namely Mary Buban, Ph.D., who testified as the medical expert, and one-time consultative examiner Aivars Vitols, D.O. -- were heavily favored over the opinions of Plaintiff's treating physician of more than fourteen years, Cynthia Kallet, D.O., and treating psychiatrist, Darshan Singh, M.D. *See* PageID 69-71. However, in so doing, the ALJ failed to adequately identify the "conflicting substantial evidence" -- as required by the regulations and discussed in *Gayheart*, 710 F.3d at 377 -- to warrant rejection of the treating physicians' opinions. The ALJ also failed to weigh the treating physicians' opinions according to 20 C.F.R. §§ 404.1527(c) and 416.927(c)(2). As such, and in light of the Sixth Circuit's ruling in *Gayheart*, the ALJ's deficient analysis deprives this Court of an opportunity to

meaningfully review whether the treating-physician rule -- that is at the heart of the regulations -- was properly applied.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Accordingly, the Court finds the ALJ's decision to be unsupported by substantial evidence and reversal warranted.  *Id.*; C*ole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (holding "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence") (internal quotation marks omitted).

## II.

Recognizing that the ALJ's non-disability determination is unsupported by substantial evidence, the Court must next determine whether remanding for further administrative proceedings is appropriate.  The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 100.  The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F. 3d 171, 176 (6th Cir 1994); *Lowery v. Comm'r of Soc. Sec.*, No. 3:10-cv-427, 2011 U.S. Dist. LEXIS 154323, at *31-32 (S.D. Ohio Dec. 8, 2011) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 40333 (S.D. Ohio Mar. 23, 2012) (Rice, J.); *Valentine v. Astrue*, No. 3:10-cv-470, 2011 U.S. Dist. LEXIS 154178, at *29-30 (S.D. Ohio Dec. 7, 2011) (Newman, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 36736 (S.D. Ohio Mar. 19, 2012) (Rice, J.).

Such is the case here.  The proof of disability -- including the opinion of Dr. Kallet regarding Plaintiff's physical limitations, and the opinions of Dr. Singh and Mariella Toca, M.D.

---

[2]The Court readopts the facts and medical evidence presented in the original Report and Recommendation (doc. 15).

regarding the extreme limitations caused by Plaintiff's mental impairments -- is great, and remand will serve no purpose other than delay. Therefore, all substantial factual issues have been resolved, and the record reflects that Plaintiff is disabled, and has been since November 30, 2005 -- her alleged disability onset date. Therefore, the Court recommends remanding for an immediate award of benefits.

### III.

### IT IS THEREFORE RECOMMENDED THAT:

1. The ALJ's non-disability finding be found **UNSUPPORTED BY SUBSTANTIAL EVIDENCE,** and **REVERSED**;

2. This case be **THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN AWARD OF DISABILITY BENEFITS**; and

3. This case be **CLOSED** on the docket of this Court.

September 9, 2013 **s/ Michael J. Newman**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).